

Susan Frisbie
304 Redbud Way
Nevada City, CA  95959-2154
(775) 230-9339
nevadasierras@yahoo.com
PRO SE

**FILED**

**MAY 07 2014**

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA
### SACRAMENTO DIVISION

| | |
|---|---|
| SUSAN FRISBIE, pro se, ) | **Case No.:**  2:14-cv-01128 GEB CKD (PS) |
| ) | |
| Plaintiff, ) | **VERIFIED COMPLAINT AND** |
| ) | **DEMAND FOR TRIAL BY JURY** |
| vs. ) | |
| ) | **(Unlawful Credit Reporting Practices and** |
| LTD FINANCIAL SERVICES, LP. ) | **Unlawful Telephone Practices with** |
| ) | **Consumers)** |
| Defendant ) | |

## PRELIMINARY STATEMENT

This is an action for damages brought for violations of the Fair Credit Reporting Act

(FCRA) 15 U.S.C. § 1681 *et seq.* and the Telephone Consumer Protection Act (TCPA) 47 U.S.C.

§ 227 *et seq.*

## JURISDICTION AND VENUE

1. This court has jurisdiction under 15 U.S.C. § 1681p, 47 U.S.C. § 227(f)(2), and 28 U.S.C.

   § 1331.

2. Venue is proper in the Eastern District of California Sacramento Division pursuant to 28

   U.S.C. § 1391(b) in that Defendant transacts business here, and Plaintiff resides in Nevada

   County, California.

3. All conditions precedent to the bringing of this action have been performed.

**PARTIES**

4. The Plaintiff in this lawsuit is Susan Frisbie, a natural person, who resides in Nevada County, California.

5. Defendant LTD Financial Services, LP (hereafter "LTD") is a national company with headquarters at 7322 Southwest Freeway, Suite 1600, Houston, Texas, 77074.

6. Defendant LTD conducts business in the state of California.

**FACTUAL ALLEGATIONS**

7. Plaintiff obtained her consumer credit reports from the three major credit reporting agencies and found entries that she was unfamiliar with in the reports.

8. Plaintiff determined that her consumer credit report had been obtained on various occasions by various entities she did not recognize and without her consent.

9. Plaintiff found after examination of her TransUnion consumer credit report that Defendant LTD had obtained Plaintiff's TransUnion consumer credit report on January 4, 2012, and again on January 5, 2012.

10. On May 21, 2012, Plaintiff sent an inquiry/dispute to Defendant LTD by certified mail #7011 1570 0002 7009 2909 requesting **proof** of permissible purpose.

11. On or about May 29, 2012, Plaintiff received a reply from Defendant LTD regarding her inquiry, but Defendant LTD failed to provide Plaintiff any proof whatsoever regarding a permissible purpose.

12. On or about May 29, 2012, Plaintiff received a letter from Defendant LTD stating, "We have stopped collection activity on the above referenced account.  Questions regarding your account should be directed to the original creditor."

13. Discovery of the violations brought forth herein occurred on March 3, 2013 and are within the statute of limitations as defined in the FCRA, 15 U.S.C. § 1681p.

14. On or about March 1, 2012 Defendant LTD began calling Plaintiff's wireless phone number **775-230-9339** from phone numbers 702-553-4706 and 713-414-2121 which are numbers known to be used by Defendant LTD in their debt collection operations.

15. All calls made by Defendant LTD were made with automatic telephone dialing system (ATDS) capable equipment to Plaintiff's wireless phone.

16. Defendant LTD made **at least six (6) individual calls** to Plaintiff's wireless phone beginning on March 1, 2012 and continuing through May 3, 2012, using ATDS capable equipment.

17. The calls made to Plaintiff's wireless phone were not for an emergency purpose and were made without the consent, express or otherwise, of the Plaintiff having been given at any time.

18. Plaintiff has had her wireless phone number registered with the National Do Not Call Registry since June 1, 2010, and all calls made by Defendant LTD were made after Plaintiff had registered her wireless phone number with the National Do Not Call Registry.

19. Defendant LTD had both Plaintiff's landline and wireless phone numbers.  Defendant LTD called Plaintiff only once on her landline phone on April 18, 2012 at or about 2:45 p.m., and Defendant LTD called Plaintiff's wireless phone number six (6) times.

20. Defendant LTD has Permit No.: 060333 through the Public Utility Commission of Texas for owning and operating Automatic Dial Announcing Devices and used this ATDS capable equipment in calling Plaintiff's wireless phone.  ADAD permit holders are required to subscribe to the National Do Not Call lists.

21. Plaintiff sent two notices to Defendant LTD of their violations of the FCRA and the TCPA in an effort to mitigate damages and reach a settlement for their violations before taking civil action against them.  Plaintiff received insufficient replies to said notices sent to Defendant LTD and was unable to settle this matter prior to litigation.

## COUNT I

### VIOLATION OF FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681b WILLFUL NON-COMPLIANCE BY DEFENDANT LTD

22. Plaintiff repeats, re-alleges and incorporates by reference all of the foregoing paragraphs.

23. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

24. TransUnion is a credit reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

25. Consumer credit report is a consumer report within the meaning of the FCRA, 15 U.S.C. § 1681a(d).

26. The FCRA, 15 U.S.C. § 1681b defines the permissible purposes for which a person may obtain a consumer credit report.

27. Such permissible purposes as defined by 15 U.S.C. § 1681b are generally, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

28. Plaintiff has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from Defendant LTD.

29. Plaintiff has never had a contractual obligation to pay Defendant LTD for any alleged debt.

30. On January 4, 2012, and again on January 5, 2012, Defendant LTD obtained the TransUnion consumer credit report for the Plaintiff with no permissible purpose, in violation of the FCRA, 15 U.S.C. § 1681b (Exhibits 1 and 2, respectively).  Plaintiff had no account whereby Defendant LTD could claim permissible purpose and said actions were a clear violation of Plaintiff's privacy.

31. At no time did Plaintiff give her consent for Defendant LTD to acquire her consumer credit report from any credit reporting agency.

32. The actions of Defendant LTD in obtaining the consumer credit report of Plaintiff with no permissible purpose, or Plaintiff's consent, was a willful violation of the FCRA, 15 U.S.C. § 1681b and an egregious violation of Plaintiff's right to privacy.

33. At no time has Defendant LTD ever provided any valid justification they may have had for obtaining Plaintiff's credit report.  The Defendant LTD had a duty to properly ascertain if there was any **legitimate** permissible purpose before obtaining Plaintiff's credit report, and Defendant LTD breached said duty by failing to do so.  There was no account that the Defendant LTD had any right to collect to have had permissible purpose to obtain Plaintiff's credit report, and therefore, Plaintiff is entitled to damages for breach of said duty.

**WHEREFORE**, Plaintiff, Susan Frisbie, prays for relief and judgment as follows:

    a.  Adjudging that Defendant LTD violated the FCRA, 15 U.S.C. § 1681b.

    b.  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1681p, in the amount of $1,000 for each of the two impermissible credit report pulls;

    c.  Awarding Plaintiff any attorney's fees and costs incurred in this action, pursuant to 15 U.S.C. § 1681n;

d.  Awarding Plaintiff post-judgment interest as may be allowed under the law;

e.  Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA) 47 U.S.C. § 227(b)(1)(A)(iii), BY DEFENDANT LTD

34. Plaintiff repeats, re-alleges and incorporates by reference all of the foregoing paragraphs.

35. On March 1, 2012, at or about 8:53 a.m. Defendant LTD called Plaintiff's wireless phone number **775-230-9339** from 702-553-4706 using ATDS capable equipment without prior express consent or for emergency purposes (Exhibit 4).

36. On March 5, 2012, at or about 5:56 p.m. Defendant LTD called Plaintiff's wireless phone number **775-230-9339** from 713-414-2121 using ATDS capable equipment without prior express consent or for emergency purposes (Exhibit 5).

37. On April 4, 2012, at or about 2:09 p.m. Defendant LTD called Plaintiff's wireless phone number **775-230-9339** from 713-414-2121 using ATDS capable equipment without prior express consent or for emergency purposes (Exhibit 6).

38. On April 13, 2012, at or about 11:13 a.m. Defendant LTD called Plaintiff's wireless phone number **775-230-9339** from 713-414-2121 using ATDS capable equipment without prior express consent or for emergency purposes (Exhibit 7).

39. On April 18, 2012, at or about 2:44 p.m. Defendant LTD called Plaintiff's wireless phone number **775-230-9339** from 713-414-2121 using ATDS capable equipment without prior express consent or for emergency purposes (Exhibit 8).

40. On May 3, 2012, at or about 12:11 p.m. Defendant LTD called Plaintiff's wireless phone number **775-230-9339** from 713-414-2121 using ATDS capable equipment without prior express consent or for emergency purposes (Exhibit 9).

41. Plaintiff has no prior or present established relationship with Defendant LTD.

42. Plaintiff has never given Defendant LTD express consent to call Plaintiff's wireless phone.

43. Defendant  LTD has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A)(iii) by using automatic telephone dialing system capable equipment (ATDS – see Exhibit 10) to call Plaintiff's wireless phone.  Willful or knowing non-compliance was demonstrated by Defendant LTD in **each** of the six calls.

44. Defendant has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A)(iii) by calling the Plaintiff's phone number, which is assigned to a cellular telephone service, contrary to 47 U.S.C. §227(b)(1)(A)(iii) which states in part;

    (1) PROHIBITIONS.—it shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

        (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

            (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

**WHEREFORE**, Plaintiff, Susan Frisbie, prays for relief and judgment as follows:

    a.  Adjudging that Defendant LTD violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii);

    b.  Awarding Plaintiff statutory damages pursuant to 47 U.S.C. §227(b)(3) in the amount of $1,500 for each of the six calls made to the Plaintiff's wireless phone as knowing and/or willful violations;

    c.  Awarding Plaintiff any fees and costs incurred in this action;

    d.  Awarding Plaintiff any post-judgment interest as may be allowed under the law;

    e.  Any such other and further relief as the Court may deem just and proper.

## COUNT III

### VIOLATIONS OF THE TELEPHONE COMMUNICATIONS ACT 47 U.S.C. §227(c)(5) BY DEFENDANT LTD

45. Plaintiff repeats, re-alleges and incorporates by reference all of the foregoing paragraphs.

46. Plaintiff has had her wireless phone number (775-230-9339) registered with the National Do Not Call Registry since June 1, 2010 (Exhibit 3). Defendant LTD has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(c)(5) by calling the Plaintiff's wireless phone number more than once during a 12-month period, which was almost two years **after** Plaintiff's wireless phone number was listed with the National Do Not Call Registry. As an ADAD permit holder, Defendant LTD is required to subscribe to the National Do Not Call lists.

47. Defendant LTD called the Plaintiff's wireless phone, contrary to 47 U.S.C. §227(c)(5).

**WHEREFORE**, Plaintiff, Susan Frisbie, prays for relief and judgment, as follows:

    a. Adjudging that Defendant LTD violated the TCPA 47 U.S.C. §227(c)(5);

    b. Awarding Plaintiff statutory damages pursuant to 47 U.S.C. §227(c)(5) in the amount of $1,500 for each of the six calls made to Plaintiff's wireless phone as knowing and/or willful violations;

    c. Awarding Plaintiff any fees and costs incurred in this action;

    d. Awarding Plaintiff any post-judgment interest as may be allowed under the law;

    e. Awarding such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED,

Dated: May 5, 2014

*Susan Frisbie*

Susan Frisbie
304 Redbud Way
Nevada City, CA 95959-2154
(775) 230-9339

1

## VERIFICATION OF COMPLAINT AND CERTIFICATION

2

3

(STATE OF CALIFORNIA)

4

Plaintiff, SUSAN FRISBIE, states as follows:

5

1. I am the Plaintiff in this civil proceeding.
6
2. I wrote the above-entitled civil Complaint, and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
7
3. I believe that this civil Complaint is well-grounded in fact and warranted by existing law or by a good-faith argument for the extension, modification or reversal of existing law.
8
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
9
10
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
11
6. Each and every exhibit I have attached to this Complaint is a true and correct copy of the original.
12
7. Except for clearly indicated redactions made by me where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwriting notations.
13

14

Pursuant to 28 U.S.C. §1746(2), I, SUSAN FRISBIE, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

15

16

17

DATE: ___5/6/14___          _Susan Frisbie_

SUSAN FRISBIE

18

19

State of California    }        Type of Document: _Verified Complaint_

20

County of Nevada    }        Document Date: _May 5, 2014_    No. of Pages: _20_

21

On _May 6, 2014_ before me, _Dona M. Bergthold Notary Public_ personally
22
appeared _Susan Frisbie_, who proved to me on the basis of satisfactory
23
evidence to be the person whose name is subscribed to the within instrument and acknowledged to
me that she executed the same in her authorized capacity, and that by her signature on the
instrument the person upon behalf of which the person acted, executed the instrument.

24

25

I certify under PENALTY OF PERJURY under the laws of the State of California that the
foregoing paragraph is true and correct.

26

WITNESS my hand and official seal.

27

28

_____
Signature of Notary Public

DONA M. BERGTHOLD
Commission # 1903924
Notary Public - California
Nevada County
My Comm. Expires Oct 10, 2014

- 10 -
PLAINTIFF'S VERIFIED COMPLAINT

1

## DEMAND FOR JURY TRIAL

2      PLEASE TAKE NOTICE that Plaintiff, Susan Frisbie, hereby demands trial by jury

3  in this action.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**LTD FINANCIAL SERVICES**
7322 SOUTHWEST FRE
SUITE 1600
HOUSTON, TX 77074
(713) 414-2100
Requested On: 01/04/2012

## Consumer Statement

There is no consumer statement associated with this file.

## Credit Report Messages

Your credit report contains the following messages.

**PROMOTIONAL OPT-OUT:**
This file has been opted out of promotional lists supplied by TransUnion.

(Note: This opt-out has no expiration date.)

**Should you wish to contact TransUnion, you may do so,**

Exhibit **1**

**By Mail:**
TransUnion Consumer Relations
P.O. Box 2000
Chester, PA 19022-2000

**By Phone:**
(800) 916-8800
You may contact us between the hours of 8:00 a.m. and 11:00 p.m. Eastern Time, Monday through Friday, except major holidays.

For all correspondence, please have your TransUnion file number available (located at the top of this report).

## Regular Inquiries

Regular Inquiries are posted when someone accesses your credit information from TransUnion. The presence of an inquiry means that the company listed received your credit information on the dates specified. These inquiries will remain on your credit file for up to 2 years.

**LTD FINANCIAL SERVICES**
7322 SOUTHWEST FWY
SUITE 1600
HOUSTON, TX 77074
(713) 414-2100
Inquiry Type: Individual
Requested On: 01/05/2012

Exhibit **2**

Case 2:14-cv-01128-GEB-CKD   Document 1   Filed 05/07/14   Page 13 of 20

**Subject:**  National Do Not Call Registry – Your Registration Is Confirmed

**From:**  Verify@DonotCall.gov (Verify@DonotCall.gov)

**To:**  nevadasierras@yahoo.com;

**Date:**  Saturday, May 3, 2014 2:25 PM

Thank you for registering your phone number with the National Do Not Call Registry. You successfully registered your phone number ending in 9339 on June 01, 2010. Most telemarketers will be required to stop calling you 31 days from your registration date.

Visit https://www.donotcall.gov  to register another number or file a complaint against someone violating the Registry.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Please do not reply to this message as it is from an unattended mailbox. Any replies to this email will not be responded to or forwarded. This service is used for outgoing emails only and cannot respond to inquiries.

# Exhibit **3**



Exhibit 4



Exhibit 5



Exhibit _6_



Exhibit 7



Exhibit 8

PLAINTIFF'S VERIFIED COMPLAINT



Exhibit _9_

PLAINTIFF'S VERIFIED COMPLAINT



# Public Utility Commission of Texas

## ADAD Report

## LTD FINANCIAL SERVICES L P

### Permit No: 060333

**Type:** ADAD

**Permit Approved Date:** 4/3/2006

**Date Last Renewed:** 4/3/2014

**DBA Names**

LTD

**Contact Information**

*Company / Physical (Mailing Address)*
LTD FINANCIAL SERVICES LP
LEONARD PRUZANSKY
7322 SOUTHWEST FREEWAY
SUITE 1600
HOUSTON, TX 77074
**Email:** ssimpson@ltdfin.com
**Phone:** 713-414-2100
**Fax:** 713-414-2120

*ADAD Physical Address*
LTD FINANCIAL SERVICES LP
LEONARD PRUZANSKY
7322 SOUTHWEST FREEWAY
SUITE 1600
HOUSTON, TX 77074
**Phone:** 713-414-2100
**Fax:** 713-414-2120

*ADAD Physical Address*
LTD FINANCIAL SERVICES LP
LEONARD PRUZANSKY
7322 SOUTHWEST FREEWAY
SUITE 1600
HOUSTON, TX 77074
**Email:** licensing@ltdfin.com
**Phone:** 713-414-2101
**Toll Free:** 800-414-2101
**Fax:** 713-414-2120

*ADAD Physical Address*
LTD FINANCIAL SERVICES LP
LEONARD PRUZANSKY
4801 NW LOOP 410
SUITE 600
SAN ANTONIO, TX 78229
**Email:** licensing@ltdfin.com
**Phone:** 713-414-2101
**Toll Free:** 800-414-2101
**Fax:** 713-414-2120

**Reports**

2013
**ADAD Annual Report**
**Submitted:** 12/30/2013
**Approved:** 1/3/2014

2012
**ADAD Annual Report**
**Submitted:** 1/25/2012
**Approved:** 12/18/2012

2011
**ADAD Annual Report**
**Submitted:** 1/20/2011
**Approved:** 1/25/2012

2009
**ADAD Annual Report**
**Submitted:** 12/15/2009
**Approved:** 1/7/2010

2008
**ADAD Annual Report**
**Submitted:** 12/5/2008

2007
**ADAD Annual Report**
**Submitted:** 1/18/2007

Exhibit **10**

-20-
PLAINTIFF'S VERIFIED COMPLAINT